**THE RUSSELL'S LAW FIRM, PLC**
202 E WILCOX DR
SIERRA VISTA, ARIZONA 85635
(520) 458-7246
Fax: (855) 778-5559
By: D. Christopher Russell, Esquire
State Bar No. 022674
courtdocs@russellslawfirm.com

## UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

| | |
|---|---|
| Mellissa Clancy, custodial parent and legal guardian of Penelope R. Saffer and Jack S. Saffer, statutory beneficiaries of Benjamin Saffer, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Southwest Valley Constructors Co, a Delaware Corporation, and Adam Shane Brown, an employee of Southwest Valley Constructors, and John Doe, Jane Doe, ABC, Inc., XYZ, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br>(Tort-Motor Vehicle/Wrongful Death)<br>(28 U.S.C.A. § 1332(a)(1))<br><br><br><br><br><br><br><br><br><br>Assigned to: Hon. |

The Plaintiff, Mellissa Clancy, the custodial parent and legal guardian of Penelope R. Saffer and Jack S. Saffer, the Statutory Plaintiffs and Statutory Beneficiaries of Benjamin Saffer, deceased, hereinafter "Plaintiff," by and through her attorneys undersigned, for her Complaint, alleges as follows:

### PARTIES/JURISDICTION

1.  The Plaintiff, Mellissa Clancy, is the custodial parent and legal guardian of Penelope R. Saffer and Jack S. Saffer, her minor children; that the minor children are the Statutory Plaintiffs and Statutory Beneficiaries of Benjamin Saffer, deceased; That the

1

statutory beneficiaries are the sole surviving children of the Decedent, Benjamin Saffer; that the Plaintiffs are, and were, at all material times set forth herein, residents of Clark County, Ohio.

    (A)    That Mr. Saffer died intestate on August 14, 2020, and is survived by Penelope R. Saffer and Jack S. Saffer, his minor children.

    (B)    That Mr. Saffer left no assets for a probate estate, and a probate is not necessary under the facts and circumstances.

    (C)    That pursuant to A.R.S. § 12-612, the minor children are the proper, and only, Statutory Plaintiffs to bring this wrongful death action against the Defendants.

2.    That Defendant, Southwest Valley Constructors Co, is Delaware Corporation, with its principal place of business located in New Mexico. See 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business).

3.    That Southwest Valley Constructors Co.'s registered agent for service-of-process is:

    C T Corporation System
    206 S. Coronado Ave.
    Espanola, NM 87532

4.    That Defendant, Adam Shane Brown, ("Defendant Brown") was and is at all material times set forth herein a resident of Maricopa County, Arizona.

5.    That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.    That this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7. That Defendant Brown, was at all material times herein, an employee and/or agent of Southwest Valley Constructors Co. performing a task or work assigned or authorized by his employer and/or in the course and scope of his employment or agency; that Defendant Southwest Valley Constructors Co. is responsible and liable for its employees, to include, but not limited to Defendant Brown, for their negligent actions, errors and/or omissions under the doctrine of *respondeat superior*.

8. That, upon information and belief, the Defendants herein, and each of them, where appropriate, were, at all material times set forth herein, acting for, in the furtherance of, and on behalf of their respective marital communities; that, upon information and belief, where applicable, the Defendants, and each of them, were, at all material times set forth herein, acting as an agent, expressed or implied, with the actual or apparent authority to act on behalf of each and every other Defendant named herein.

9. That the Defendants have caused acts, events, errors, omissions and occurrences of which the Plaintiffs presently complain in Cochise County, Arizona; that this Court has original jurisdiction and venue is proper in the United States District Court of Arizona.

10. That the true names and capacities of the alias Defendants are presently unknown to the Plaintiff and Plaintiff reserve the right to amend her complaint and its caption to reflect the alias defendants' correct names and capacities, should the same be discovered.

**GENERAL ALLEGATIONS**

11. The Plaintiff hereby incorporates in its entirety the foregoing allegations and contents of this Complaint, herein as if the same were fully set forth.

12. That on and before August 14, 2020, upon information and belief, Defendant Southwest Valley Constructors Co. directed Defendant Brown to Cochise County, Arizona to work as a welder wherein the work created the necessity of Defendant Brown's travel.

13. That Defendant Brown, as a welder for Defendant Southwest Valley Constructors Co., was required to supply the necessary welding equipment to the job site to perform his daily duties as a welder.

14. That on or about August 14, 2020, at all relevant times herein, Defendant Brown was transporting the welder to the job site as a necessity of the employment.

15. That at all material times herein Defendant Brown was unable to perform his duties as a welder without the welding equipment.

16. That the welding equipment was secured on the ¾ ton flatbed welding truck Defendant Brown was driving on or about August 14, 2020 at all material times herein.

17. That on or about August 14, 2020, Defendant Brown, driving the ¾ ton flatbed welding truck East on State Route 80, at or near Mile Post 337, attempted to pass slower moving vehicles and moved into the Westbound lane across a solid double yellow line, a "no passing zone," going uphill, on a blind curve, and collided head-on with the car being driven Westbound by Benjamin Saffer.

## COUNT ONE
### Negligence/Wrongful Death

18. The Plaintiff hereby incorporates in its entirety the foregoing allegations and contents of this Complaint, herein as if the same were fully set forth.

19. That on August 14, 2020, Defendant Brown, so carelessly, recklessly and negligently operated the ¾ ton flatbed welding truck he was driving so as to cause the same to collide head-on with the car being driven by Benjamin Saffer, at or near State Route 80, near Mile Post 337, Bisbee, Arizona.

20. That as a direct and proximate result of the Defendant's negligence, Benjamin Saffer died from his injuries caused by the head-on collision; that the statutory beneficiaries have suffered the loss of love, affection, companionship, care, protection, and guidance since Mr. Saffer's death and in the future, as well as suffered the pain, grief,

4

sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future, the loss of income and services that have already been lost as a result of his death, and that are reasonably probable to be lost in the future, and have incurred the reasonable expenses of cremation and funeral, all in a manner to be proven at trial; that the Plaintiffs are entitled to bring this action and seek the recovery of all damages allowed by law.

21. That the Plaintiffs are entitled to an award of any and all costs necessarily incurred in the prosecution of this matter pursuant to A.R.S. § 12-341.

**WHEREFORE**, the Plaintiffs seek judgment against the Defendants as follows:

1. That judgment be entered in the Plaintiffs' favor and the statutory beneficiaries be awarded the full amount of money that will reasonably and fairly compensate each of them, separately, for the following elements of damages proved by the evidence:

    a. The loss of love, affection, companionship, care, protection, and guidance since their father's death and in the future;

    b. The pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future;

    c. The income and services that have already been lost as a result of their father's death, and that are reasonably probable to be lost in the future;

    d. The reasonable expenses of the Decedent's funeral and burial;

2. That judgment be entered in the Plaintiffs' favor and they be awarded any and all incidental and consequential damages.

3. For post judgment interest thereon at the rate of ten percent (10%) per annum until the Judgment amount is paid in full, or at the highest rate allowed by law.

4. For costs under A.R.S. §12-341 with interest thereon accruing at the legal rate of 10% per annum, or at the highest rate allowed by law.

5. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## Negligence Per Se/Wrongful Death

22. The Plaintiff hereby incorporates in its entirety the foregoing allegations and contents of this Complaint, herein as if the same were fully set forth.

23. That on or about August 14, 2020, Defendant Brown failed to obey the clearly marked and visible no passing zone signs and markings at or near State Route 80, near Mile Post 337, Bisbee, Arizona, a violation of A.R.S. § 28-727.

24. Arizona Revised Statute § 28-727 was enacted for the protection and safety of the public and to protect the same class of persons as that of the Decedent.

25. That as a direct and proximate result of the Defendant's negligence per se, Benjamin Saffer died from his injuries caused by the head-on collision; that the statutory beneficiaries have suffered the loss of love, affection, companionship, care, protection, and guidance since Mr. Saffer's death and in the future, as well as suffered the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future, the loss of income and services that have already been lost as a result of his death, and that are reasonably probable to be lost in the future, and have incurred the reasonable expenses of cremation and funeral, all in a manner to be proven at trial; that the Plaintiffs are entitled to bring this action and seek the recovery of all damages allowed by law.

26. That the Plaintiffs are entitled to an award of any and all costs necessarily incurred in the prosecution of this matter pursuant to A.R.S. § 12-341.

  **WHEREFORE**, the Plaintiffs seek judgment against the Defendants as follows:

1. That judgment be entered in the Plaintiffs' favor and the statutory beneficiaries be awarded the full amount of money that will reasonably and

fairly compensate each of them, separately, for the following elements of damages proved by the evidence:

    a.    The loss of love, affection, companionship, care, protection, and guidance since their father's death and in the future;

    b.  The pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future;

    c.  The income and services that have already been lost as a result of their father's death, and that are reasonably probable to be lost in the future;

    d.  The reasonable expenses of the Decedent's funeral and burial;

2. That judgment be entered in the Plaintiffs' favor and they be awarded any and all incidental and consequential damages.

3. For post judgment interest thereon at the rate of ten percent (10%) per annum until the Judgment amount is paid in full, or at the highest rate allowed by law.

4. For costs under A.R.S. §12-341 with interest thereon accruing at the legal rate of 10% per annum, or at the highest rate allowed by law.

5. For such other and further relief as the Court deems just and proper.

## COUNT THREE
### Negligence Hiring/Training/Retention

27. The Plaintiff hereby incorporates in its entirety the foregoing allegations and contents of this Complaint, herein as if the same were fully set forth.

28. That Defendant Southwest Valley Constructors Co. knew or should have known that Defendant Brown was unqualified, untrained or inadequately trained to properly work and transport a welder to a remote job site.

29. That Defendant Southwest Valley Constructors Co. had a duty to hire and/or retain only qualified and/or adequately trained personnel/welders to work and transport a welder

to a remote job sites and to perform the duties thereof in a competent non-negligent and/or non-reckless manner.

30. That Defendant Southwest Valley Constructors Co.'s failure to properly hire, train and/or retain a qualified and/or adequately trained personnel/welder (Defendant Brown) was a direct and proximate cause of the Decedent's death and the Plaintiffs' losses.

31. That as a direct and proximate result of the Defendant Southwest Valley Constructors Co.'s negligence, Benjamin Saffer died from his injuries caused by the head-on collision; that the statutory beneficiaries have suffered the loss of love, affection, companionship, care, protection, and guidance since Mr. Saffer's death and in the future, as well as suffered the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future, the loss of income and services that have already been lost as a result of his death, and that are reasonably probable to be lost in the future, and have incurred the reasonable expenses of cremation and funeral, all in a manner to be proven at trial; that the Plaintiffs are entitled to bring this action and seek the recovery of all damages allowed by law.

32. That the Plaintiffs are entitled to an award of any and all costs necessarily incurred in the prosecution of this matter pursuant to A.R.S. § 12-341.

**WHEREFORE**, the Plaintiffs seek judgment against the Defendants as follows:

1. That judgment be entered in the Plaintiffs' favor and the statutory beneficiaries be awarded the full amount of money that will reasonably and fairly compensate each of them, separately, for the following elements of damages proved by the evidence:

    a. The loss of love, affection, companionship, care, protection, and guidance since their father's death and in the future;

    b. The pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future;

    c. The income and services that have already been lost as a result of their father's death, and that are reasonably probable to be lost in the future;

    d. The reasonable expenses of the Decedent's funeral and burial;

2. That judgment be entered in the Plaintiffs' favor and they be awarded any and all incidental and consequential damages.

3. For post judgment interest thereon at the rate of ten percent (10%) per annum until the Judgment amount is paid in full, or at the highest rate allowed by law.

4. For costs under A.R.S. §12-341 with interest thereon accruing at the legal rate of 10% per annum, or at the highest rate allowed by law.

5. For such other and further relief as the Court deems just and proper.

DATED this 14th day July, 2022.

                        **THE RUSSELL'S LAW FIRM, PLC**

                        /s/ D. Christopher Russell
                        D. Christopher Russell
                        Attorneys for Plaintiffs

# VERIFICATION

STATE OF OHIO   )
                )ss.
County of CLARK )

MELISSA CLANCY being first duly sworn, upon her oath depose and states as follows: That she is the Plaintiff representative for the statutory beneficiaries in the above-captioned action; that she has read the foregoing Complaint, know the contents thereof, and that the matters and things alleged therein are true in substance and in fact, except for those matters alleged upon information and belief, and as to those allegations, she believes them to be true.

_____
MELISSA CLANCY

SUBSCRIBED AND SWORN to before me this 24 day of May, 2022.

August McPheters
NOTARY PUBLIC

My Commission Expires: April 15 2027



AUGUST McPHETERS
Notary Public, State of Ohio
Clark County
Commission No. 2022-RE-847887
My Commission Expires
April 15, 2027

10